**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-13577

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRAVIS MONTRICE SIMS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:24-cr-00018-RWS-AWH-1

————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Sims appeals his sentence of imprisonment for 151 months for possession with intent to distribute at least 40 grams of

fentanyl and possession with intent to distribute at least 28 grams of cocaine base and at least 40 grams of fentanyl. 21 U.S.C. § 841(a)(1), (b)(1)(B). He argues that the district court erroneously assigned him six criminal history points for two sentences imposed more than 15 years before his instant offense, U.S.S.G. § 4A1.2(e), which resulted in a higher criminal history category and Sentencing Guidelines range. The government confesses error. We vacate and remand for resentencing.

We review interpretations of the Sentencing Guidelines *de novo*. *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010).

Section 4A1.1 outlines how criminal history points are calculated to determine a defendant's criminal history category and provides that three criminal history points are assigned "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Section 4A1.2(b) explains that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed. *Id*. § 4A1.2(b). The commentary explains, "For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum . . . . That is, criminal history points are based on the sentence pronounced, not the length of time actually served." *Id*. § 4A1.2, comment. (n.2). Section 4A1.2(e)(1) provides that any prior sentence of imprisonment exceeding one year and one month imposed within 15 years of the instant offense is counted. *Id*. § 4A1.2(e)(1). Any prior sentence of imprisonment exceeding one

year and one month that resulted in the defendant being incarcerated during any part of that 15-year period, whenever imposed, is also counted. *Id.* Prior sentences outside that period are not counted. *Id.* § 4A1.2(e)(3).

Sims argues and the government concedes that the district court erroneously assigned him six criminal history points for two 2002 sentences based on the maximum sentence imposed under section 4A1.2(b) instead of the period of incarceration he actually served under section 4A1.2(e). Because the 2002 sentences were not imposed within 15 years of his instant offense conduct, which occurred in February 2024, nor resulted in him being incarcerated during any part of that 15-year period, the district court should not have counted them. *Id.* § 4A1.2(e)(1), (3). Subtracting these six criminal history points means that Sims should have had only eight criminal history points.

The error by the district court meant that Sims was classified as having a criminal history category of VI instead of IV and an advisory guideline range of 151 to 188 months of imprisonment instead of 121 to 151 months. The district court sentenced Sims at the bottom of the incorrect guideline range. So, we cannot say that its error was harmless.

We **VACATE** and **REMAND** for resentencing.